IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02849-NYW

PAMELA WYCKOFF,

    Plaintiff,

v.

COOK INCORPORATED,
COOK MEDICAL, LLC, and
WILLIAM COOK EUROPE APS,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Upon review of the Complaint and Demand for Jury Trial (the "Complaint") [Doc. 1], the Court is not satisfied that Plaintiff has established diversity jurisdiction in this case.

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332, which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1); [Doc. 1 at ¶ 11]. The Court concludes that the present allegations are insufficient to establish the citizenships of Defendants Cook Medical, LLC or William Cook Europe APS, and thus, the allegations are presently insufficient to establish subject matter jurisdiction in this case.

With respect to Cook Medical, LLC, the Complaint alleges that "Defendant Cook Incorporated (Cook Group, Inc.) is the parent company of Defendant Cook Medical LLC and is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 1608, Bloomington, Indiana 47402." [Doc. 1 at ¶ 8]. However, for purposes of determining jurisdiction, a limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Thus, allegations as to Cook Medical, LLC's parent company do not affirmatively establish this Defendant's citizenship. *See Evans v. Fid. Brokerage Servs. LLC*, No. CV 20-00111 JAO-RT, 2020 WL 2045696, at *2 (D. Haw. Apr. 28, 2020), *aff'd*, 841 F. App'x 7 (9th Cir. 2021). Instead, Plaintiff must affirmatively identify all the members of Cook Medical, LLC and provide the Court with those members' citizenship. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.").

Moreover, Plaintiff alleges that "Defendant William Cook Europe APS is based in Bjaeverskov, Denmark and regularly conducts business in the state of Colorado, and is authorized to do so." [Doc. 1 at ¶ 9]. Courts have recognized an inherent difficulty in determining the citizenship of foreign entities. *See, e.g.*, *W. Afr. Ventures Ltd. v. Ranger Offshore, Inc.*, No. 4:17-cv-00548, 2017 WL 6405625, at *1 (S.D. Tex. Dec. 13, 2017), *aff'd sub nom. W. Afr. Ventures Ltd. v. SunTx Cap. Partners II GP, L.P.*, 841 F. App'x 705 (5th Cir. 2021) ("Foreign business entities present some difficulty for courts in the area of determining citizenship for the purpose of subject matter jurisdiction due to having business forms not identical to those of the United States."). Some Circuit courts have held that foreign entities may be treated as corporations for purposes of diversity jurisdiction so long as the entity is "equivalent in all legally material respects to a corporation under state law." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *see also Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019). The proponent of jurisdiction, however, must provide sufficient information for the court to determine whether such treatment is appropriate. *See SJ Prop. Suites v. Specialty Fin. Grp.*, 733 F. Supp. 2d 1021, 1030 (E.D. Wis. 2010) (requiring plaintiffs to clarify whether private limited companies and limited company "organized under Icelandic law are equivalent to corporations or limited liability companies under United States' law"); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 3:13-cv-00093 CSH, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013) ("Plaintiff should therefore clarify . . . whether as an entity it is structured or organized as an equivalent to either a corporation or a limited liability company under United States law.").

Here, Plaintiff does not identify the type of entity that William Cook Europe APS is or provide information demonstrating whether its structure is similar to either a corporation or a limited liability company; however, a court in the Western District of Wisconsin has noted that "[i]t appears that 'APS' at the end of defendant William Cook Europe's name is the Danish equivalent of a limited liability company." *Wiza v. Cook Inc.*, No. 20-cv-810-WMC, 2020 WL 5371373, at *1 (W.D. Wis. Sept. 8, 2020). In any event, it is incumbent upon Plaintiff to provide the Court with sufficient information to determine how William Cook Europe APS should be treated for purposes of diversity jurisdiction—and, if William Cook Europe APS is to be treated as a limited liability company, sufficient information from which the Court can ascertain this entity's citizenship. *Siloam Springs*, 781 F.3d at 1238.

In sum, the allegations in the Complaint are presently insufficient for the Court to assure itself of diversity jurisdiction in this case. Accordingly, **IT IS ORDERED** that:

(1) Plaintiff shall **SHOW CAUSE** on or before **November 22, 2022** why this case should not be dismissed without prejudice for lack of federal subject matter jurisdiction.

DATED: November 8, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge